IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CHARLES KRUZ | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-253 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Charles Kruz, through counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the Texas Department of Criminal Justice ("TDCJ") and David S. Dyer. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a Motion to Dismiss filed by TDCJ (Doc. #15.). While Plaintiff is represented by counsel, no response to the Motion to Dismiss has been filed. The time period allowed for filing a response has expired.

Factual Allegations

In his Complaint (Doc. #1.), Plaintiff states that on June 24, 2017, he was serving a two year sentence at the Gist Unit. As he was going to the chow hall, Defendant Dyer stopped him and asked why he was not walking in a straight line. Plaintiff told Defendant Dyer he had trouble with his gait and was walking as straight as he could.

Plaintiff alleges Defendant Dyer then told him he could either go back to the dorm without eating or hold out his arms to be handcuffed. Plaintiff was also given the option of having mace sprayed on him. Plaintiff allowed Defendant Dyer to place him in handcuffs. After Defendant Dyer called for help, Lieutenant Turner came and placed leg irons on Plaintiff. Plaintiff contends this action was excessive as he was complying with all orders. Plaintiff believes his weakness made him a target for Defendant Dyer, who he describes as a predator.

Defendant Dyer and Lieutenant Turner then escorted Plaintiff to K Building. While they were walking, Defendant Dyer kept bending and squeezing Plaintiff's right arm. Plaintiff believed Defendant Dyer was attempting to break his arm and asked him several times whether that was his intention.

When they were inside K Building, Plaintiff alleges he was standing next to the entrance of a cell. He states Defendant Dyer pulled him around a corner and into an office. Defendant Dyer instructed another officer to turn off the lights so that the video cameras would not work. Plaintiff asserts Defendant Dyer then picked him up by his left foot or leg and his left arm, held him three to five feet off the ground and slammed him to the floor.

Plaintiff alleges he hit the ground with his right shoulder, as well as his arm, hand, hip and leg. He states he could hear his right arm and shoulder break. While he was on the ground, he was kicked in the head, chest and face. Plaintiff alleges Defendant Dyer jumped on top of him and pushed his head into the floor repeatedly.

Plaintiff asserts Defendant Dyer placed his hand into Plaintiff's underwear and placed his finger into Plaintiff's anus. He also placed an unknown object into Plaintiff's anus. Plaintiff was placed in a cell where he cried out until Officer Rogers came to help him. He was taken to Baptist Hospital where an MRI was performed and x-rays were taken. Plaintiff was diagnosed with a damaged rotator cuff, a broken shoulder and a broken arm.

When Plaintiff returned to his unit, Defendant Dyer told him not to say anything to anyone about what had happened. Other inmates warned him that if he did not remain quiet he "might just disappear."

In August, 2017, Plaintiff was charged with a disciplinary offense for "causing a delay in the evening meal" because he pulled away from Defendant Dyer. Plaintiff was convicted of the offense with which he was charged. As part of his punishment, Plaintiff was not allowed to have visitors until November 2, 2017. He states he lived in constant fear and became depressed as a result of being denied visitation.

The Motion to Dismiss

In the Motion to Dismiss, TDCJ argues it is entitled to immunity under the Eleventh Amendment. TDCJ further asserts that Plaintiff's claims are barred by the applicable statute of limitations.

Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), the district court has the authority to dismiss an action for lack of subject matter jurisdiction based on: (1) the complaint alone, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court generally can decide disputed issues of material fact in order to determine whether or not it has jurisdiction. *Montez v. Dep't of the Navy*, 392 F.3d 147, 149 (3rd Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits the dismissal of a complaint if it fails to state a claim upon which relief may be granted. A complaint does not need detailed factual allegations, but a plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555. A plaintiff must plead facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Analysis

*Eleventh Amendment Immunity*

The Eleventh Amendment to the Constitution bars lawsuits against a state or its agencies regardless of the relief sought. *Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001) (*en banc*). As a state agency, TDCJ is immune from suit under the Eleventh Amendment. *Harris v. Angelina*

*Cty., Tex.*, 31 F.3d 331, 337 n.7 (5th Cir. 1994). The court therefore lacks subject-matter jurisdiction over the claims against TDCJ.

*Limitations*

In addition, as explained below, Plaintiff's claims are barred by the applicable statute of limitations.

There is no federal statute of limitations for lawsuits filed pursuant to 42 U.S.C. § 1983. As a result, federal courts borrow the forum state's general personal injury limitations period. *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019). Under Texas law, the statute of limitations for an action brought pursuant to Section 1983 is two years. *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995). As a result, Plaintiff had two years from the date his claims accrued to file a civil rights lawsuit concerning his allegations.

Federal law determines when a cause of action accrues under Section 1983. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016). A cause action accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id*. In other words, a cause of action accrues when the plaintiff became aware he has suffered an injury or has sufficient information to know that he has been injured. *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 814, n.7 (5th Cir. 2010). The plaintiff does not need to know he has a legal cause of action, but only needs to know the facts that would support a legal claim. *Piotrowski*, 51 F.3d at 516.

The events described in the Complaint occurred in March, 2017, and August, 2017, and Plaintiff was aware at that time of the injuries he suffered. As a result, Plaintiff's causes of action accrued in March, 2017, and November, 2017. The applicable period of limitations expired two years later, in November, 2019, at the latest. This lawsuit was filed more than two years later, on June 13, 2022. It was therefore filed after the applicable period of limitations expired.

*Claim Against Defendant Dyer*

Defendant Dyer has not appeared in this lawsuit and the record does not indicate he has been served with process. However, the Motion to Dismiss filed by TDCJ inures to his benefit as well.

*Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (allowing non-answering defendants to benefit from a dispositve motion filed by a defendant who has appeared).

As was the case with respect to the claims against TDCJ, the claims against Defendant Dyer accrued in March, 2017, and November, 2017. The period of limitations regarding the claims against Defendant Dyer therefore expired two years later, in November, 2019, at the latest. As stated above, this lawsuit was filed on June 13, 2022. Accordingly, the claims against Defendant Dyer are barred by limitations and should be dismissed for failure to state a claim upon which relief may be granted.

## Recommendation

The Motion to Dismiss should be granted and the claim against Defendant Dyer should be dismissed for failure to state a claim upon which relief may be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 28th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE